```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Minh Nguyen,                      :
        Plaintiff,                :
                                  :
     v.                           :     File No. 1:06-CV-80
                                  :
Immigration and                   :
Naturalization Service            :
Department,                       :
        Defendant.                :
```

OPINION AND ORDER
(Paper 19)

Plaintiff Minh Nguyen, a Vermont inmate proceeding *pro se*, brings this action claiming that he paid for his green card but never received it.  Nguyen originally filed a small claims complaint in state court, seeking only the return of his $110 fee.  The government removed to this Court. Subsequently, with the assistance of a fellow inmate, Nguyen filed an amended complaint claiming that the government's negligence caused him various forms of harm.  Currently pending before the Court is the government's motion to dismiss on the basis of Nguyen's alleged failure to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA").  For the reasons set forth below, the motion to dismiss is GRANTED.

Factual Background

Nguyen alleges that on April 30, 1999, he paid $110.00 to the Immigration and Naturalization Service ("INS") for a green

card.  On November 26, 1999, he was sent to prison.  Nguyen claims that he "never actually received [his] green card and could not benefit from it anyway."

As noted above, Nguyen initiated this case in state court, and the government filed a notice of removal.  Once in federal court, Nguyen filed an amended complaint charging the INS with "a deliberate action of negligence" that caused him "hardship, pain and mental anguish."  Specifically, the amended complaint claims that depriving Nguyen of his green card resulted in his inability to "secure a proper job . . . which would have made a difference and he most probably would not be in this situation he is in."  For relief, Nguyen seeks damages, including punitive damages.

## Discussion

The government now moves to dismiss for lack of subject matter jurisdiction, claiming that Nguyen must exhaust his remedies under the FTCA.  In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must assume the truth of the material factual allegations in the complaint.  See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  However, jurisdiction must be shown affirmatively, and the Court may not draw "from the pleadings inferences favorable to the party asserting it." See Shipping Fin. Servs. Corps. v. Drakos, 140 F.3d 129, 131

(2d Cir. 1998).  Furthermore, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits."  LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999).

    As Nguyen appears to be bringing a claim for negligence, the government appropriately argues that he must proceed pursuant to the requirements of the FTCA.  To initiate an action under the FTCA, a plaintiff "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a).  Moreover, such "a claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months . . . of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b). These threshold requirements for the filing and denial of an administrative claim are jurisdictional and cannot be waived. See McNeil v. United States, 508 U.S. 106, 113 (1993); Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983) ("[B]ecause the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in Section 2675 must be adhered to strictly.").  These requirements apply with equal

3

force to *pro se* litigants, <u>Adelke v. United States</u>, 355 F.3d 144, 153 (2d Cir. 2004), and to actions that have been removed from state court, 28 U.S.C. § 2679(d)(4).

In support of its argument, the government has submitted the affidavit of Peter D. Gregory, Chief of the Commercial and Administrative Law division with the Office of Chief Counsel, United States Citizenship and Immigration Services.  (Paper 20).  Gregory is responsible for making a record of each tort claim against his agency, and for forwarding claims to attorneys under his supervision for processing.  Gregory states that he has reviewed his records and finds no claim relating to Nguyen.

In response, Nguyen claims that a teacher named "Mary Joe" contacted the INS on his behalf in 2000.  (Paper 21-1).  Mary Joe was allegedly told by officials at INS that Nguyen would not be receiving a refund.  (Paper 23-1 at 3).  Based upon these conversations, Nguyen claims that he exhausted his administrative remedies.  <u>Id.</u>

As cited above, the FTCA requires that a claim be presented in writing.  28 U.S.C. § 2675(a).  Moreover, his claim must be brought within two years of a final decision by the agency.  28 U.S.C. § 2401(b).  Nguyen has not satisfied either of these requirements.  Indeed, Nguyen did not bring his claim in state court until approximately six years after

4

his teacher's alleged contact with INS.  For these reasons, Nguyen's negligence claim is barred for lack of subject matter jurisdiction.

In addition to suing the government, Nguyen has amended his complaint to add as a defendant the person who accepted his money in 1999.  (Paper 21-1 at 2).  Regardless of whether Nguyen is pursuing this claim under state or federal law, his claim is clearly time-barred.  Under Vermont law, personal injury actions have a three-year statute of limitations, while the general civil statute of limitations is six years.  12 V.S.A. §§ 511, 512.  If Nguyen is seeking to bring a constitutional claim against the cashier, the three-year statute would apply.  See Wilson v. Garcia, 417 U.S. 261, 266-67 (1985) (§ 1983 cases should borrow state statutes governing personal injury claims).  Nguyen's complaint alleges that he paid his money in 1999, and it is undisputed that he filed suit in 2006.  Therefore any claim against the cashier based upon her acceptance of Nguyen's money is untimely and is, therefore, DISMISSED.[1]

---

[1]  While the Court has contemplated construing Nguyen's claim as something other than a pure tort action, it has declined to do so based upon the conclusion that such other claims would be time-barred.

<u>Conclusion</u>

For the reasons set forth above, the government's motion to dismiss (Paper 19) is GRANTED, and Nguyen's complaint is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of June, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge
